IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PEGGY S. LAZENBY, as personal representative of the Estate of William Douglas Lazenby, deceased, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. 3:12-CV-82-WKW [WO]<br>) |
| EXMARK MANUFACTURING COMPANY, INC., *et al.*, | )<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Defendant ExMark Manufacturing Company, joined by Defendant Performance Power Equipment, LLC, ("PPE") removed this action from the Circuit Court of Lee County, Alabama, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. In the removal petition, PPE, the sole non-diverse defendant, contends that it was fraudulently joined because there is no possibility that Plaintiffs can establish a cause of action against it. Plaintiff Peggy Lazenby responded by filing a motion to remand. (Doc. # 8.) Defendants filed a response. (Doc. # 13.) The motion has been fully briefed and is ready for resolution. Having considered the motions and the relevant law, the court finds that Plaintiff's motion to remand is due to be granted.

## I. STANDARD OF REVIEW

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095. "In evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citing *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998)).

Even if complete diversity is lacking "on the face of the pleadings," a defendant may remove "an action . . . if the joinder of the non-diverse party . . . [was] fraudulent." *Triggs*, 154 F.3d at 1287 (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)). The action is removable because "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant."

*Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs*, 154 F.3d at 1287. The Eleventh Circuit has recognized three situations in which joinder may be deemed fraudulent: (1) when there is no possibility that the plaintiff can prove a cause of action against the resident (or non-diverse) defendant; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) when there is no real connection to the claim and the resident (or non-diverse) defendant. *Id.*

As to the first type of fraudulent joinder, the only type at issue here, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287. The "potential for legal liability must be reasonable," however, "not merely theoretical." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) (citation and internal quotation marks omitted). Alternatively stated, a district court "is correct to deny the motion to remand only if there was no possibility that [the plaintiff] could have maintained a cause of action . . . in Alabama state court." *Henderson*, 454 F.3d at 1281–82. The court's "task is not to gauge the sufficiency of the pleadings in this case. [The] inquiry is more basic: [The court] must decide whether the defendants have proven by clear and convincing evidence

3

that no Alabama court could find this complaint sufficient . . . ." *Id.* at 1284.

"[T]he determination of whether a [non-diverse] defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg*, 428 F.3d at 1322 (quoting *Pacheco de Perez*, 139 F.3d at 1380). "The proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under [Federal Rule of Civil Procedure 56]." *Id.* at 1322–23. Accordingly, all contested issues of substantive fact and any uncertainties as to the current state of the law must be resolved in the plaintiff's favor. *See id.* at 1323; *see also Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

## II. FACTUAL AND PROCEDURAL BACKGROUND

ExMark designs and manufactures a riding lawnmower, the 2010 ExMark zero-turn radius Quest 52 ("Quest ZTR"). PPE is a local distributor for the Quest ZTR, in Chambers County, Alabama. On May 4, 2010, Dr. William D. Lazenby purchased a Quest ZTR from PPE. On or about June 14, 2010, the Quest ZTR rolled over on Dr. Lazenby while he was mowing his lawn. Dr. Lazenby died from injuries caused by being pinned under the Quest ZTR. The Complaint alleges that the Quest ZTR was designed and sold without a rollover protection system. It further alleges that such a

system likely would have prevented the accident that killed Dr. Lazenby. Plaintiff brought claims for negligence, wantonness, liability under the AEMLD and breach of warranty against Defendants.

Plaintiff is an Alabama citizen, and PPE is also an Alabama citizen. ExMark is a citizen of Nebraska. Defendants timely removed this action to federal court pursuant to 28 U.S.C. §§ 1441(a) and 1446(b), asserting that there is complete diversity of citizenship between Plaintiff and ExMark and that the amount in controversy exceeds $75,000.[1] *See* § 1332(a). Although complete diversity does not exist on the face of the complaint, given that Plaintiff and PPE are both citizens of Alabama, the removal petition alleges that PPE is fraudulently joined because there is no possibility that Plaintiff can prove a cause of action against it. Defendants argue that Ala. Code § 6-5-501 precludes liability against PPE because Plaintiff's claims all are related to the design and manufacture of the Quest ZTR, and § 6-5-501(2)(a) precludes product liability for mere distributors of allegedly defective products.

Plaintiff timely filed a motion to remand, arguing that removal was improper because there is not complete diversity of citizenship and PPE was not fraudulently joined. Plaintiff argues that because she has alleged in her Complaint that PPE's

---

[1] Because remand is required for lack of diversity of citizenship, it is not necessary to opine on the amount in controversy. It is noted, however, that Plaintiff does not contest that the amount in controversy requirement is met.

conduct in selling the Quest ZTR was wanton, PPE does not fall into the distributor exemption and is properly joined. (Doc. # 8 at 7.)

### III.  DISCUSSION

If PPE has been fraudulently joined, then its citizenship is disregarded for purposes of determining whether complete diversity exists, and the Motion to Remand must be denied. If it has not been fraudulently joined, PPE's presence destroys complete diversity, and the Motion to Remand must be granted. Because Plaintiff's interpretation of Ala. Code § 6-5-501 (*i.e.*, that it preserves causes of action based on wantonness against distributors for knowingly selling a product that is likely or probable to cause injury) is at least plausible, this case must be remanded. *See Boyd Bros., Inc. v. Liberty Mut. Ins. Co.*, No. 2:08-CV-773, 2009 WL 1395437, *1 (M.D. Ala. May 18, 2009).

> Alabama law defines a product liability action as:
>
> [a]ny action brought by a natural person for personal injury, death, or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging, or labeling of a manufactured product when such action is based upon (a) negligence, (b) innocent or negligent misrepresentation, (c) the manufacturer's liability doctrine, (d) the Alabama extended manufacturer's liability doctrine, as it exists or is hereafter construed or modified, (e) breach of any implied warranty, or (f) breach of any oral express warranty and no other.

Ala.Code § 6–5–501(2).

Alabama law provides that a plaintiff may not assert any products liability action against a mere distributor unless one of the enumerated exceptions apply. Ala. Code § 6-5-521(b)(1)–(4). The only exception applicable in the present case involves whether Plaintiff's claims against PPE involve "independent acts unrelated to the product design or manufacture, such as independent acts of negligence, wantonness, warranty violations, or fraud." Ala. Code § 6-5-521(b)(4).

Plaintiff asserts a wantonness claim against PPE in her Complaint. The question is whether this claim plausibly rises to the level of an independent act unrelated to the product design or manufacture. Wantonness is "the conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Ex parte Essary*, 992 So. 2d 5, 9 (Ala. 2007) (citing *Bozeman v. Central Bank of the South*, 646 So. 2d 601 (Ala. 1994)). Plaintiff alleges that PPE "made a deliberate decision to market and sell the Quest ZTR with the knowledge that it had no [rollover protection system], and thus lacked an essential safety feature to protect ordinary homeowners and consumers." (Compl. ¶ 13.)

The basis of the wantonness claim is arguably related to the deficiencies in the product design in the way the statute contemplates. However, it is also arguable that it is independent conduct and not just derivative product liability. The decision to

7

stock and sell a product that was known to be likely or probable to cause injury could constitute an independent act of wantonness that is separate from any act related to the design or manufacture of the product itself. That theory is that it is not the particular design flaw of the product that is the basis for the claim, but the decision of the defendant to sell a product (any product) it knows to be unreasonably dangerous.

Whether Plaintiff's theory of wantonness is precluded because of its attenuated connection to the manufacture and design of the product is an unsettled question of Alabama law. Section § 6-5-501 was amended in 2011 to add the additional language barring products liability claims against distributors. *See* Ala. Act 2011-627. Claims against distributors for independent wanton conduct were not precluded by this act. Considering the recent change in the law and the debatable nature of Plaintiff's wantonness claim, it would be inappropriate for the court to determine that there is no basis for Plaintiff maintaining an action against PPE. Plaintiff "need[s] only [to] have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287 (emphasis added); *see also Florence v. Crescent Res., LLC*, 484 F. 3d 1293, 1298-99 (11th Cir. 2007) (remand is appropriate where there is any ambiguity or doubt regarding the plaintiff's state law claim against a non-diverse defendant). Plaintiff has presented an unsettled question of law, which favors remanding this case for the Alabama state courts to interpret the law. *See Legg*, 428

F.3d at 1323.

Because Plaintiff has shown a reasonable potential for legal liability against PPE, the court finds that PPE was not fraudulently joined to defeat diversity jurisdiction and, therefore, complete diversity does not exist between Plaintiff and the removing Defendants.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (Doc. # 8) is GRANTED, and this action is REMANDED to the Circuit Court of Lee County, Alabama.  The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand.

DONE this 6th day of August, 2012.

        /s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE